Charles Edward Paine *vs.* Emma L. Sackett *et al.*

PROVIDENCE—JUNE 23, 1905.

Present: Douglas, C. J., Dubois and Blodgett, JJ.

(1) *Estates in Fee-tail.*

Testamentary devise under will probated 1866 to trustees to hold equally for the benefit of testator's three children, provided as follows: "they shall pay to each of them the rents, profits, and income of his or her portion of said property and estate during his or her natural life, and at his or her death shall transfer and convey the same to his or her lineal descendants,

if any there be, and if there be no lineal descendants, then equally to the survivors of my said children or to their lineal descendants if any there be. The descendants of any child to have the portion which their parent if living would have taken. In case of the death of all my children without issue they shall transfer and convey the estate to my heirs at law":—

*Held,* that, under the rule in Shelly's case, prior to Gen. Laws cap. 201, § 6, equitable estates in fee-tail were given to the children with contingent cross-remainders to the survivors of their descendants, the words "lineal descendants" having the same legal effect as "heirs of the body."

· (2)   *Estates in Fee-tail.   Barring Entail.   Legal and Equitable Estates Tail.*

*Held,* further, that Gen. Laws cap. 201, § 14, applied to persons seized of legal estates tail, and section 16, applying to barring equitable estates tail, applied only to estates created after the passage of the statute, and hence the deed of one of said children with the intention of barring the entail did not so operate, but conveyed only an equitable estate for life of grantor and gave grantee no right to demand a conveyance of the legal estate from the trustees under Gen. Laws cap. 201, § 17.

(3)   *Trusts.   Right of Trustee to be Relieved.*

Where a trust provides that upon the happening of a certain event the trustees shall convey stated portions of the trust fund and estate to designated beneficiaries free of the trust, upon the happening of such event the duty of the trustees is to so convey, irrespective of the wishes of the beneficiaries, and one of such trustees may properly ask the court to be relieved.

(4)   *Trusts.   Compensation of Trustees.*

Where a trust provides that the trustees shall retain a reasonable compensation for the execution of their duties, upon bill asking, among other relief, that complainant trustee be allowed and paid compensation for services, the court can not determine on demurrer how much, if any, compensation is due, but, the bill showing *prima facie* that complainant is entitled to compensation, the amount can be determined by a master.

BILL IN EQUITY.   Heard on demurrers to bill, and demurrers overruled.

DOUGLAS, C. J.   The complainant in this bill is one of the trustees under the will of Daniel Paine, late of Providence, deceased, who died in 1866 and whose will was duly admitted to probate.   The bill, which was filed August, 1903, alleged that the complainant was also one of the beneficiaries of the trust; but by amendment it appears that since the filing of the bill he has conveyed his whole beneficial interest in the trust estate to his wife, the defendant Eliza T. Paine.   The suit is therefore now prosecuted by him solely as one of the trustees

against his co-trustees and the persons interested in the trust estate.

The object of this bill is to terminate the trust with respect to two portions of the estate by conveying the legal title in these portions to the beneficiaries.

The complainant also prays that he be allowed and paid a compensation for his services as trustee. The will is annexed to and made a part of the bill.

The case now comes before us on the demurrer of the complainant's co-trustees and of Emma L. Sackett and others, who represent all interests in the trust fund other than those given by the will to the complainant.

The demurrer raises these questions:

First. Should the bill be dismissed because in its amended form it presents a new case?

Secondly. Is the interest of the complainant's wife in the trust estate such that it can now lawfully be set off to her free of the trust?

Thirdly. Will the court entertain the prayer of the complainant to distribute the trust estate against the judgment of his co-trustees in the circumstances set forth, or must such a prayer come from some of the beneficiaries who are entitled to the distribution?

Fourthly. Will the court entertain the prayer of the complainant for compensation for his services as trustee?

The first ground of demurrer is not open to the respondents. After the amended bill was filed these respondents moved to dismiss it on the same ground, urging that they had been put to unnecessary expense by the changes introduced, particularly in printing a new brief to meet the case as now presented. The court considered the motion, and, in view of the number of parties and the cost of procuring new service upon them, allowed the amended bill to stand on condition that the complainant should pay the respondents their printing bill, amounting to forty-five dollars, and the complainant accepted and duly performed the condition. Whereupon the respondents filed their demurrers.

We pass, therefore, to the consideration of the remaining grounds of demurrer.

The answers to the second and third questions depend upon the construction of the will as it applies to the present condition of the estate. After certain specific bequests, the will leaves a large part of the estate to trustees, with ample powers of management and investment, to hold equally for the benefit of the testator's three children, Martha E. Griswold, Emma L. Paine (now Emma L. Sackett), and Charles E. Paine, and as to this trust estate it provides as follows:

(1)    "They shall hold the remainder of the property and estate herein devised to each of my said children after payment to them of the sums called for as aforesaid, and pay to each of them the rents, profits, and income of his or her portion of said property and estate, during his or her natural life; and at his or her death shall transfer and convey the same to his or her lineal descendants, if any there be, and if there be no lineal descendants, then equally to the survivors of my said children or to their lineal descendants, if any there be. The descendants of any child to have the portion which their parent if living would have taken.    .    .    .    In case of the death of all my said children, without issue, they shall transfer and convey the estate held by them in trust, to my heirs at law, according to the statutes of descent and distribution then in force in the state of Rhode Island."

As stated in the bill and admitted by the demurrer, Martha E. Griswold has died leaving two sons, the defendants Daniel Griswold and Alexander M. Griswold, who are now entitled to the portion of the trust estate given to Martha E. Griswold and her lineal descendants; but since the death of the said Martha E. Griswold, by the tacit or express consent of all the beneficiaries under said trust, the trustees have managed the said trust estate and kept the whole trust estate together and paid its net income to the beneficiaries, as the will directed.

It also appears that on the 29th day of August, 1903, the complainant made a conveyance to his wife, Eliza T. Paine, of all his interest, being one-fifth part thereof, in the parcels of land described by metes and bounds which are held under said

trusts, wherein he expressly stated his intention to bar the entail in his portion of said estates. This deed has been shown to the trustees, and the said Eliza T. Paine has requested them to convey said one-fifth portion to her in fee-simple. The complainant is willing to accede to this request, but the other trustees decline to do so.

There can be little doubt that by the terms of the will equitable estates in fee-tail are given to the testator's three children, with contingent cross remainders to the survivors or their descendants, if either child dies without issue. We think the words "lineal descendants" in the will have their natural meaning, and the same legal effect as "heirs of the body." 2 Bl. Com. 115; Green. Cruise, *231. The testator used them by choice instead of "children" or "issue," which he might have selected if he had decided to avoid the application of the rule under the statute. Equitable life estates are given to the three children (*Sammis* v. *Sammis*, 14 R. I. 123; *Pierce* v *Pierce*, ib. 514; *Taylor* v. *Lindsay*, ib. 518), and equitable remainders in fee to their lineal descendants (*Tillinghast* v. *Coggeshall*, 7 R. I. 383; *Morris* v. *Potter*, 10 R. I. 58; *Read* v. *Power*, 12 R. I. 16; *Nightingale* v. *Nightingale*, 13 R. I. 113; *Angell, Petr.* ib. 630; *Sprague* v. *Sprague*, ib. 701; *Taylor* v. *Lindsay, supra*); hence under the rule in Shelly's case, which, until the enactment of Gen. Laws cap. 201, § 6, was enforced as an imperative rule of law in Rhode Island, applicable to both legal and equitable estates (*Eaton* v. *Tillinghast*, 4 R. I. 276; *Manchester* v. *Durfee*, 5 R. I. 549; *Bullock* v. *Waterman St. Bap. Sy.*, ib. 273; *Cooper* v. *Cooper*, 6 R. I. 261; *Tillinghast* v. *Coggeshall, supra; Jillson* v. *Wilcox*, 7 R. I. 515; *Brownell* v. *Brownell*, 10 R. I. 509; *Nightingale* v. *Nightingale, supra; Angell, Petr. supra; Sprague* v. *Sprague, supra; Pierce* v. *Pierce, supra; Taylor* v. *Lindsay, supra; Browning* v. *Browning*, 16 R. I. 441; *Andrews* v. *Lowthrop*, 17 R. I. 60; *Cowing* v. *Dodge*, 19 R. I. 605; *Manchester, Petr.*, 22 R. I. 636; *McNeal* v. *Sherwood*, 24 R. I. 315), the estates given to the testator's children were equitable estates tail.

So far, upon the first question, we are constrained to assent to the argument of the counsel for Mrs. Paine; but upon the

effect of the conveyance of the complainant's beneficial interest to her, the argument of the opposing counsel is equally conclusive.

(2)    The provisions on the subject in force when this will took effect are found in Rev. Stats. cap. 145, § 3, as follows: "Any person seized of an estate in fee-tail, shall have the right to convey the same in fee-simple, by his last will and testament, or by deed duly executed under his hand and seal, and acknowledged before the supreme court or any court of common pleas in this state; and such conveyance shall vest an estate in fee-simple in the grantee, his heirs and assigns, and shall bar the tenant in tail, his heirs and assigns, and all others who may claim the same in remainder or reversion, expectant upon the determination of such estate tail" (re-enacted in Gen. Stats. cap. 161, § 3, and in Pub. Stats. cap. 172, § 3), and in Rev. Stats. cap. 154, § 1, as follows: "Every person of the age of twenty-one years and upwards, and of sane mind, and being lawfully seized of any lands, tenements or hereditaments, in his own right in fee-simple, fee-tail, or for the life of any other person, or for any other term of time then his own life, shall have a right to give, devise and dispose of the same, by last will or testament," &c. (re-enacted in Gen. Stats. cap. 171, § 1 and Pub. Stats. cap. 182, § 1).

These statutes remained in force until February 1, 1896, when the General Laws went into effect, which contain the following provisions: Cap. 201, § 5: "All lands held in fee-tail shall be liable for the debts of the tenant-in-tail in his lifetime like estates in fee-simple; and when sold on execution, or when sold by guardians, the creditor or purchaser shall hold such lands in fee-simple; but this shall not extend to lands in which the debtor has only an estate-tail in remainder."

"SEC. 14.   A person actually seized of lands as tenant-in-tail may convey such lands in fee-simple by deed in common form in like manner as if he were seized thereof in fee-simple: *Provided*, that in such deed the intention be expressed of barring the entail and reference be made to the specific land by metes and bounds, or by other definite description.   Such conveyance shall bar the estate-tail and all remainders and reversions ex-

pectant thereon. An estate-tail may also be barred as provided in section five of this chapter.

"SEC. 15. When lands are held by one person for life with a vested remainder-in-tail in another, the tenant-for-life and the remainder-man may convey such lands in fee-simple by their deed or deeds in common form, subject to the proviso in the preceding section; and such deed or deeds shall bar the estate-tail and all remainders and reversions expectant thereon.

"SEC. 16. Equitable estates-tail hereafter created in possession or remainder, and all remainders and reversions expectant thereon, may be barred in the same manner as legal estates-tail and the remainders and reversions expectant thereon.

"SEC. 17. The person to whom an equitable fee-simple is conveyed pursuant to the preceding section shall upon request therefor be entitled to a conveyance of the outstanding legal estate from the person in whom such legal estate is then or thereafter vested in trust, unless provision to the contrary be made in the instrument creating the trust."

Whatever may have been the inclusion of the former statute, the law now in force gives no aid to the contention of the complainant. The fourteenth and fifteenth sections relate to legal estates-tail while the sixteenth and seventeenth treat of equitable estates. The discrimination is clear and positive.

The actual seizin referred to in the fourteenth section of the statute is corporal possession with legal title. It is not admissible to construe the expression in this context with a latitude which would include so-called seizin in equity. One who is only seized of an equitable estate in lands is not, in the meaning of this statute, "a person actually seized of lands." If the legislature had intended to deal with equitable estates in section 14, sections 16 and 17 would have been unnecessary.

The sixteenth section applies only to equitable estates-tail created after the passage of the statute.

We conclude, therefore, that the complainant's deed to his wife, which was made since the enactment of the General Laws, did not bar the entail created by the will of his father; but conveyed to her only an equitable estate for the complainant's

life, and that she has no right to demand a conveyance of the legal estate from the trustees.

(3) In considering the next subject we start with the proposition that the Griswolds are entitled to a conveyance of their share of the estate free of the trust. Must the trustees convey this share to them when they do not desire it? The will plainly answers this question. The words are: "At his or her death shall convey the same to his or her lineal descendants." We do not see how the trustees can doubt their duty in the premises. Suppose, as might have been the case, that one of the testator's children had died leaving infant children incapable of expressing a choice in the matter; can it be supposed that the testator intended that these trustees should retain the title to the infant's share beyond the event fixed for the conveyance in his will? No doubt a delay in distributing the personal property until a guardian should be appointed would be proper, but any further hesitation to obey the condition of the trust would be reprehensible.

Considering the question from the standpoint of the trustees, we arrive at the same conclusion. The will imposes upon the trustees the duty of managing the estate until the happening of a certain event. That event has happened. They can not be required longer to exercise the duties of trustees with respect to this part of the property. Nor do we see any impropriety in entertaining the request of one of the trustees to be relieved from this burden. The complainant has the right to this relief and also the right to remain trustee of the estate still left in trust. If his co-trustees do not recognize these rights, he may come to this court to ask that they may be enforced.

The arguments of respondents' counsel confound the duty of distribution with the mode of effecting it. The former is not in the discretion of the trustees; the latter is left largely to their judgment. While the trust lasts a division between the different *cestuis* is not contemplated by the will; but the argument of the respondents' counsel, that such a division will not be directed on the prayer of one of the beneficiaries or a minority of the trustees, is inapplicable to this case, for the bill does not ask for a partition of the trust estate. After the con-

veyance of the legal title of one-fifth of each of the parcels of land to each of the Griswolds, they will severally become tenants in common in each parcel with the trustees, and thereafter the trustees or either one of these respondents may ask for partition as provided by law; or the lands may remain held in common as long as all parties desire. If the Griswolds desire all or any of the trustees to act as their agents in the management of their interests, they are competent to make such appointment. For these reasons this cause of demurrer must be overruled.

(4)     As to the last question, we can not determine on demurrer how much, if any, compensation is now due to the complainant. The eighth section of the will provides that the trustees "shall retain a reasonable compensation for the execution of their duties," &c. The chief objection urged by the respondents in argument seems to be that the claim is indefinite; but another cause of demurrer assigned is that the claim is stale. As the complainant is still acting as trustee, the whole of this claim for compensation can not be barred by the statute of limitations. The time when the trust is to be terminated in part is a very proper time to ascertain the value of the services which have been rendered, in order that the beneficiaries who are to take their share may contribute in due proportion to the cost of the management of the estate, unless the trustees have retained their full compensation from time to time. Upon the case stated, the complainant is *prima facie* entitled to compensation. The exact amount may hereafter be ascertained by reference to a master if necessary.

*Everett L. Walling*, for complainant.

*Charles P. Robinson*, for respondent Eliza T. Paine.

*Van Slyck & Mumford and Theodore F. Green*, for trustees and for certain other respondents.

*Miller & Carroll*, for respondent Ida J. Paine.

*Cooke & Angell*, for respondent Tingley.